## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.,** | § | **CASE NO. 15 - 31594** |
| Debtor. | § | |
| | § | **(Chapter 7)** |
| _____ | § | |
| **RODNEY D. TOW, CHAPTER 7** | § | |
| **TRUSTEE FOR THE ESTATE OF** | § | |
| **DAVID GORDON WALLACE, JR.,** | § | **Adversary No. __-____** |
| Plaintiff, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SUGAR LAND ENTERTAINMENT** | § | |
| **ENTERPRISES, LP; SUGAR LAND** | § | |
| **SPORTS MANAGEMENT, LLC;** | § | |
| **RINK OPERATIONS MANAGEMENT,** | § | |
| **LLC; AND SUGAR LAND RINK** | § | |
| **LENDERS, LLC,** | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff, Rodney D. Tow ("<u>Plaintiff</u>") in his capacity as the Chapter 7 Trustee for the Chapter 7 Estate of David Gordon Wallace, Jr. ("<u>Debtor</u>"), by and through his undersigned counsel, brings this adversary proceeding against Sugar Land Entertainment Enterprises, LP, Sugar Land Sports Management, LLC, Rink Operations Management, LLC, and Sugar Land Rink Lenders, LLC (collectively, the "<u>Skating Rink Entities</u>").  In support thereof, Plaintiff respectfully shows the Court as follows.

## JURISDICTION AND VENUE

1.      This is an adversary proceeding brought pursuant to Bankruptcy Rule 7001 relating to the above-captioned Chapter 7 case: *In re David Gordon Wallace, Jr.*, Case No. 15-31594 (Bankr. S.D. Tex., Houston Div.).

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 157 and 1334(b) because this action arises in, arises under, and/or relates to the Debtor's bankruptcy case.

3.      This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A) and (E).

4.      Plaintiff has standing to bring this action pursuant to 28 U.S.C. § 541.

5.      This Court may enter final judgment or propose findings of fact and conclusions of law in this action. 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011).

6.      Venue is proper in this Court under 28 U.S.C. § 1409(a).

## PARTIES

7.      Plaintiff Rodney D. Tow is the duly authorized and acting Chapter 7 Trustee of the Estate of David Gordon Wallace, Jr.  Plaintiff appears in this action by and through his undersigned counsel, Diamond McCarthy LLP, 909 Fannin Street, 37th Floor, Houston, Texas 77010.

8.      Defendant Sugar Land Entertainment Enterprises, LP is a Texas limited partnership.  According to the records of the Texas Secretary of State, its address is 9025 Rutland, Ste. B, Houston, Texas 77055.  Defendant Sugar Land Entertainment Enterprises, LP may be served with process through its registered agent, Pritesh Shah, at 4660 Sweetwater Blvd., Ste. 300, Sugar Land, Texas 77479, or wherever he may be found.

9.      Defendant Sugar Land Sports Management, LLC is a Texas limited liability company.  According to the records of the Texas Secretary of State, its address is 16225 Lexington Blvd., Sugar Land, Texas 77479.  Defendant Sugar Land Sports Management, LLC may be served through its registered agent, David G. Wallace, at 13131 Dairy Ashford, Ste. 175, Sugar Land, Texas 77478, or wherever he may be found.

10.     Defendant Rink Operations Management, LLC is a Texas limited liability company.  According to the records of the Texas Secretary of State, its address is 16225 Lexington

Blvd., Sugar Land, Texas 77479.  Defendant Rink Operations Management, LLC may be served

with process through its registered agent, Pritesh Shah, at 4660 Sweetwater Blvd., Ste. 300, Sugar

Land, Texas 77479, or wherever he may be found.

11.     Defendant Sugar Land Rink Lenders, LLC is a Texas limited liability company.

According to the records of the Texas Secretary of State, its address is at 13131 Dairy Ashford,

Ste. 175, Sugar Land, Texas 77478.  Defendant Sugar Land Rink Lenders, LLC may be served

through its registered agent, David G. Wallace, at the same address or wherever he may be found.

## FACTUAL BACKGROUND

12.     As of the date of the bankruptcy filing, the Debtor owned, among other things, a

25% interest in Sugar Land Sports Management, LLC and a 33.33% interest in Rink Operations

Management, LLC.   Additionally, the Debtor had previously established trusts for his two

children: the Whitney Leigh Wallace 1996 Sub-S Trust and the Jacquelyn Marie Wallace 1996

Sub-S Trust (collectively, the "Trusts").  The Trusts owned a 33.33% combined interest in both

Rink Operations Management, LLC and Sugar Land Rink Lenders, LLC as well as a combined

320,000 Class B Units in Sugar Land Entertainment Enterprises, LP.  The beneficial interests in

the Trusts, including these ownership interests, were assigned to Plaintiff, as Chapter 7 Trustee of

the Debtor's bankruptcy estate.  As a result, Plaintiff currently holds ownership interests in each

of the Skating Rink Entities.

13.     The Company Agreement of Sugar Land Sports Management, LLC; Company

Agreement of Sugar Land Rink Lenders, LLC; and the Company Agreement of Rink Operations

Management, LLC (collectively, the "Company Agreements") each expressly incorporate Section

101.502 of the Texas Business Organizations Code.[1]   Additionally, the Company Agreements

provide:

> Section 16.  Reports.  The Company shall have a balance sheet and income
> statement prepared as of the end of and for each fiscal year, copies of which shall
> be furnished to all Members, and may hire such accountants or attorneys as are
> necessary for such purposes.
>
> Section 17.  Records.  The Company's books and other records shall be kept at the
> principal office of the Company, and the Members, at their own expense, shall at
> reasonable times during regular business hours have access to such books for the
> purpose of inspecting and copying same.

Significantly, the Company Agreements even go a step further than the Texas Business

Organizations Code by requiring the preparation of K-1s for Members:

> The accounts of the Company, *as referenced in Schedules K-l prepared for the
> Members*, shall readily disclose all items which the Members are required to take
> into account separately for income tax purposes.

14.     Similarly, the First Amended and Restated Limited Partnership Agreement of

Sugar Land Entertainment Enterprises, LP (the "Partnership Agreement") provides that partners

"shall have the right to inspect the Partnership's books and records at any reasonable time upon at

least five (5) Business Days' advance written request to the General Partner."  The Partnership

Agreement further requires that limited partners be supplied with "unaudited financial statements

on at least an annual basis and K-1s on an annual basis and such other information as may be

reasonably necessary for the Limited Partner's reporting requirements and preparation of tax

returns."

---

[1]     Due to the Skating Rink Entities' refusal to provide him information, Plaintiff does not have the Company
Agreement of Sugar Land Sports Management, LLC—the governing documents Plaintiff currently has in his
possession were provided by the Debtor, not the Skating Rink Entities.  However, the relevant provisions in the
Company Agreement of Sugar Land Rink Lenders, LLC are identical to those contained in the Company
Agreement of Rink Operations Management, LLC.  Therefore, upon information and belief, the relevant
provisions of the Company Agreement of Sugar Land Sports Management, LLC are identical to the cited
provisions of the Company Agreements of Sugar Land Rink Lenders, LLC and Rink Operations
Management, LLC.

15.     On June 16, 2015, counsel for Plaintiff sent a letter to the Skating Rink Entities'
counsel explaining that Plaintiff was successor-in-interest to the Debtor's ownership interest in the
Skating Rink Entities, noting that Plaintiff is entitled to examine, inspect, review and copy the
books and records of the Skating Rink Entities, and making the following demands for the Skating
Rink Entities books and records:

> 1. All in-effect bylaws, operating agreements, articles of incorporation or organization, and other documents relating to the formation, ownership, operation and governance of the Skating Rink Entities, and any amendments thereto.
>
> 2. All minutes, notes and other documents relating to board, member, manager, or partnership meetings of the Skating Rink Entities.
>
> 3. All shareholder agreements, LLC member or manager agreements, partnership agreements, tax-sharing agreements or other contracts or agreements relating to the rights and restrictions associated with Debtor's interests in the Skating Rink Entities.
>
> 4. A copy of each Skating Rink Entity's current capitalization table showing all ownership interests issued by each Skating Rink Entity, together with all documents describing the characteristics of such ownership interests.
>
> 5. All financial statements (including balance sheets, income statements, cash flow statements, and explanatory notes) for the Skating Rink Entities during the time period from January 1, 2013 through the present.
>
> 6. All documents showing capital contributed to, and withdrawn from, the Skating Rink Entities by the Debtor from the inception of the Skating Rink Entities to the present.
>
> 7. All documents showing wages, salaries, bonuses and any other compensation paid to the Debtor for the time period from January 1, 2013 through the present, as well as any documents showing the calculations of, or the formulas used, in determining the amounts of any elements of compensation paid.
>
> 8. All W-2s and K-1s issued by the Skating Rink Entities to the Debtor for the time period of January 1, 2013, through the present.
>
> 9. All federal and state income tax returns for the Skating Rink Entities for the time period from January 1, 2013 through the present, together with all supporting schedules and amendments thereto.
>
> 10. Any valuations or appraisals of the Skating Rink Entities and/or their assets during the time period from January 1, 2010 through the present.

16.     Rather than turn over the requested information, the Skating Rink Entities professed an intent to purchase the Debtor's ownership interest in the Staking Rink Entities, which never materialized.

17.     The Skating Rink Entities' utter refusal to provide Plaintiff with the requested books and records and their failure to make a buyout offer prompted another round of communications from Plaintiff's counsel during January and February 2019.  Like the initial correspondence, Plaintiff's counsel again detailed the Skating Rink Entities' obligations to Plaintiff.  Again, the Skating Rink's counsel indicated the intention to produce the requested information and submit an offer to purchase the estate's interest in the Skating Rink Entities (again, that never materialized).

18.     On February 21, 2020, Plaintiff sent a final written demand to the Skating Rink Entities, along with a preliminary draft of this Complaint.  The Skating Rink Entities requested several extensions in light of COVID-19 pandemic and the Trustee granted these extensions.  The Skating Rink Entities' final deadline to respond came and went on May 19, 2020, without any response or the production of a single document.

19.     Finally, on June 16, 2020, the Skating Rink Entities, through their counsel, produced balance sheets and profit/loss statements for 2017 and 2018.   The financial statements include a header "Sugar Land Ice & Sports Center" but there is no indication of whether these are consolidated financial statements from all four Skating Rink Entities or just a subset of them.  While the production of information is woefully insufficient for the Trustee to determine his rights to distributions from the Skating Rink Entities, the 2017 profit/loss statement does reflect net income in the amount of $84,803.12 for which the Trustee never received a distribution or even a K-1 to report the pass-through income.  In its transmittal letter, the Skating Rink Entities stated

that they want to "explore a potential buy-out of David G. Wallace from the Skating Rink Entities."
Based on similar statements made by the Skating Rink Entities throughout the years, the Trustee
views this as a tactic for the Skating Rink Entities to try to avoid their obligations to turn over
information or make required distributions.  The Skating Rink Entities' steadfast determination to
deprive Plaintiff of the information and distributions that he is lawfully entitled to, and the Skating
Rink Entities refusal to supply Plaintiff with nearly all of the documents it has requested, has
necessitated the filing of this adversary proceeding.

20.     All conditions precedent to Plaintiff's claim for relief have been performed or have
occurred.

### COUNT I
### Violations of the Texas Business Organizations Code

21.     The paragraphs set forth above are incorporated here by reference.

22.     Under Section 101.502 of the Texas Business Organizations Code, a member of a
limited liability company or the member's assignee, on written request and for a proper purpose,
may examine and copy the records required under Sections 3.151 and 101.501.  Similarly, Section
153.552 of the Texas Business Organizations Code provides that on written request stating a proper
purpose, a partner or an assignee of a partnership interest may examine and copy the records
required to be kept under Section 153.551 together with "other information regarding the business,
affairs, and financial condition of the limited partnership as is just and reasonable."  In either case,
the records must be made available not later than the fifth day after the delivery of a written request.
Tex. Bus. Orgs. Code §§ 101.501, 153.551.

23.     Plaintiff has repeatedly issued proper written demands to the Skating Rink Entities
for their compliance with Sections 101.502 and 153.552.  Nevertheless, the Skating Rink Entities
have refused to provide records to Plaintiff as required by the Texas Business Organizations Code,

forcing Plaintiff to initiate this action to enforce his rights.  The Skating Rink Defendants have caused harm to Plaintiff for which there is no adequate monetary remedy at law.  As a consequence, Plaintiff seeks equitable relief in the form of specific performance of these obligations. Additionally, the Skating Rink Entities are liable to Plaintiff for "any cost or expense, including attorney's fees, incurred in enforcing" his rights under Texas Business Organizations Code Sections 101.502 and 153.552, and Plaintiff requests recovery of the same. *See id.* §§ 101.503, 153.553.

### COUNT II
**Breach of Contract—the Partnership Agreement of**
**Sugar Land Entertainment Enterprises, LP**

24.    The paragraphs set forth above are incorporated here by reference.

25.    Pleading additionally and/or in the alternative as permitted by Federal Rule of Civil Procedure 8, Sugar Land Entertainment Enterprises, LP breached the Partnership Agreement.

26.    The Partnership Agreement imposes valid, enforceable contractual obligations on Sugar Land Entertainment Enterprises, LP.  Specifically, Section 7.1 provides that partners "shall have the right to inspect the Partnership's books and records at any reasonable time upon at least five (5) Business Days' advance written request to the General Partner."  Additionally, Section 7.3 mandates that limited partners be supplied with "unaudited financial statements on at least an annual basis and K-1s on an annual basis and such other information as may be reasonably necessary for the Limited Partner's reporting requirements and preparation of tax returns."

27.    As the successor-in-interest to the Debtor's ownership interest in Sugar Land Entertainment Enterprises, LP, Plaintiff may enforce the terms of the Partnership Agreement. Notwithstanding several proper demands for records under the Partnership Agreement, Sugar Land

Entertainment Enterprises, LP has nevertheless refused honor its obligations under Sections 7.1 and 7.3 with respect to Plaintiff.

28.    Sugar Land Entertainment Enterprises, LP's breach of the Partnership Agreement has deprived Plaintiff of valuable contractual rights, such as access to the Partnership's books and records and the right to have K-1s prepared for him on an annual basis.  In addition to all of his actual, special, and consequential damages, Plaintiff seeks specific performance of the Partnership Agreement.

29.    Plaintiff is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code § 38.001(1) and (8) because this is a claim for services and a claim on a written contract.

**COUNT III**
**Breach of Contract—the Company Agreement of**
**Rink Operations Management, LLC**

30.    The paragraphs set forth above are incorporated here by reference.

31.    Pleading additionally and/or in the alternative as permitted by Federal Rule of Civil Procedure 8, Rink Operations Management, LLC breached its Company Agreement.

32.    The Company Agreement imposes valid, enforceable contractual obligations on Rink Operations Management, LLC.  Specifically, Article III, Section 12(a) expressly incorporates Section 101.502 of the Texas Business Organizations Code:

> In addition to the other rights specifically set forth in this Company Agreement, each Member is entitled to all information to which that Member is permitted to have access pursuant to §101.502 of the TBOC under the circumstances and subject to the conditions therein stated.

Additionally, in Article IX, Sections 16 and 17, the Company Agreement provides:

> Section 16.   Reports.   The Company shall have a balance sheet and income statement prepared as of the end of and for each fiscal year, copies of which shall be furnished to all Members, and may hire such accountants or attorneys as are necessary for such purposes.

9

Section 17.  Records.  The Company's books and other records shall be kept at the principal office of the Company, and the Members, at their own expense, shall at reasonable times during regular business hours have access to such books for the purpose of inspecting and copying same.

Finally, in Article IX, Section 5, the Company Agreement requires the preparation of K-1s for Members:

The accounts of the Company, *as referenced in Schedules K-l prepared for the Members*, shall readily disclose all items which the Members are required to take into account separately for income tax purposes.

33.     As the successor-in-interest to the Debtor's ownership interest in Rink Operations Management, LLC, Plaintiff may enforce the terms of the Company Agreement.  Notwithstanding several proper demands for records under the Company Agreement, Rink Operations Management, LLC has nevertheless refused honor its obligations under the aforementioned sections with respect to Plaintiff.

34.     Rink Operations Management, LLC's breach of the Partnership Agreement has deprived Plaintiff of valuable contractual rights, such as access to the Rink Operations Management, LLC's books and records and the provision of K-1s.  In addition to all of his actual, special, and consequential damages, Plaintiff seeks specific performance of the Company Agreement.

35.     Plaintiff is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code § 38.001(1) and (8) because this is a claim for services and a claim on a written contract.

### COUNT IV
### Breach of Contract—the Company Agreement of
### Sugar Land Rink Lenders, LLC

36.     The paragraphs set forth above are incorporated here by reference.

37.     Pleading additionally and/or in the alternative as permitted by Federal Rule of Civil Procedure 8, Sugar Land Rink Lenders, LLC breached its Company Agreement.

38.     The Company Agreement imposes valid, enforceable contractual obligations on Sugar Land Rink Lenders, LLC.  Specifically, Article III, Section 12(a) expressly incorporates Section 101.502 of the Texas Business Organizations Code:

> In addition to the other rights specifically set forth in this Company Agreement, each Member is entitled to all information to which that Member is permitted to have access pursuant to $101.502 of the TBOC under the circumstances and subject to the conditions therein stated.

Additionally, in Article IX, Sections 16 and 17, the Company Agreement provides:

> Section 16.   Reports.   The Company shall have a balance sheet and income statement prepared as of the end of and for each fiscal year, copies of which shall be furnished to all Members, and may hire such accountants or attorneys as are necessary for such purposes.

> Section 17.   Records.   The Company's books and other records shall be kept at the principal office of the Company, and the Members, at their own expense, shall at reasonable times during regular business hours have access to such books for the purpose of inspecting and copying same.

Finally, in Article IX, Section 5, the Company Agreement requires the preparation of K-1s for Members:

> The accounts of the Company, *as referenced in Schedules K-l prepared for the Members*, shall readily disclose all items which the Members are required to take into account separately for income tax purposes.

39.     As the successor-in-interest to the Debtor's ownership interest in Sugar Land Rink Lenders, LLC, Plaintiff may enforce the terms of the Company Agreement.  Notwithstanding several proper demands for records under the Company Agreement, Sugar Land Rink Lenders, LLC has nevertheless refused honor its obligations under the aforementioned sections with respect to Plaintiff.

40.     Sugar Land Rink Lenders, LLC's breach of the Partnership Agreement has deprived Plaintiff of valuable contractual rights, such as access to the Sugar Land Rink Lenders, LLC's books and records and provisions of K-1s.  In addition to all of his actual, special, and consequential damages, Plaintiff seeks specific performance of the Company Agreement.

41.     Plaintiff is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code § 38.001(1) and (8) because this is a claim for services and a claim on a written contract.

## COUNT V
### Breach of Contract—the Company Agreement of
### Sugar Land Sports Management, LLC

42.     The paragraphs set forth above are incorporated here by reference.

43.     Pleading additionally and/or in the alternative as permitted by Federal Rule of Civil Procedure 8, upon information and belief, Sugar Land Sports Management, LLC breached its Company Agreement.

44.     Upon information and belief, the Company Agreement imposes the following valid, enforceable contractual obligations on Sugar Land Sports Management, LLC.  Article III, Section 12(a) expressly incorporates Section 101.502 of the Texas Business Organizations Code:

> In addition to the other rights specifically set forth in this Company Agreement, each Member is entitled to all information to which that Member is permitted to have access pursuant to $101.502 of the TBOC under the circumstances and subject to the conditions therein stated.

Additionally, in Article IX, Sections 16 and 17, the Company Agreement provides:

> Section 16.  Reports.  The Company shall have a balance sheet and income statement prepared as of the end of and for each fiscal year, copies of which shall be furnished to all Members, and may hire such accountants or attorneys as are necessary for such purposes.

> Section 17.  Records.  The Company's books and other records shall be kept at the principal office of the Company, and the Members, at their own expense, shall at reasonable times during regular business hours have access to such books for the

purpose of inspecting and copying same.

Finally, in Article IX, Section 5, the Company Agreement requires the preparation of K-1s for Members:

> The accounts of the Company, *as referenced in Schedules K-l prepared for the Members*, shall readily disclose all items which the Members are required to take into account separately for income tax purposes.

45.     As the successor in interest to the Debtor's ownership interest in Sugar Land Sports Management, LLC, Plaintiff may enforce the terms of the Company Agreement.  Notwithstanding several proper demands for records under the Company Agreement, Sugar Land Sports Management, LLC, has nevertheless refused honor its obligations under the aforementioned sections with respect to Plaintiff.

46.     Upon information and belief, Sugar Land Sports Management, LLC's breach of the Partnership Agreement has deprived Plaintiff of valuable contractual rights, such as access to the Sugar Land Sports Management, LLC's books and records and the provision of K-1s.  In addition to all of his actual, special, and consequential damages, Plaintiff seeks specific performance of the Company Agreement.

47.     Plaintiff is entitled to recover reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code § 38.001(1) and (8) because this is a claim for services and a claim on a written contract.

<u>**COUNT VI**</u>
**Accounting**

48.     The paragraphs set forth above are incorporated here by reference.

49.     Pleading additionally and/or in the alternative as permitted by Federal Rule of Civil Procedure 8, Plaintiff is entitled to an accounting.

50.     Plaintiff does not know the exact nature of and extent to which the Skating Rink Entities have diverted goods, services, or monies which should rightfully belong to Plaintiff.

51.     Plaintiff cannot further ascertain the necessary facts without a full, complete, and accurate accounting of all of the business records of the Skating Rink Entities.

52.     Plaintiff's inability to ascertain independently the exact nature and the extent to which the Skating Rink Entities have diverted goods, services, monies, or property from Plaintiff necessitates a full investigation and accounting.  Plaintiff has no other adequate remedy by which to establish the full amount of money owed to Plaintiff by reason of the Skating Rink Entities' wrongful acts.

53.     Plaintiff has demanded that the Skating Rink Entities account fully and accurately for their activities and transactions.  The Skating Rink Entities, however, have failed and refused to comply with Plaintiff's demands for a full and accurate accounting.  Accordingly, Plaintiff requests that the Court order the Skating Rink Entities to render a full and accurate accounting to Plaintiff, which he is entitled by virtue of the parties' relationship as well as under the Partnership Agreement, the Company Agreements, and the Texas Business Organizations Code.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment for, or make findings of fact and conclusions of law in support of, the following relief:

a.     An order commanding Plaintiff's access to and/or copies of the documents listed under Texas Business Organizations Code Sections 3.151, 101.501, and 153.551, and other information and documents reasonably requested by Plaintiff.

b.     An order compelling the specific performance of the Partnership Agreement of Sugar Land Entertainment Enterprises, LP, as requested above.

c.     An order compelling the specific performance of the Company Agreement of Rink Operations Management, LLC, as requested above.

14

    d.   An order compelling the specific performance of the Company Agreement of Sugar Land Rink Lenders, LLC, as requested above.

    e.   An order compelling the specific performance of the Company Agreement of Sugar Land Sports Management, LLC, as requested above.

    f.   An order commanding the Skating Rink Entities to provide Plaintiff an accounting and a copy of their books and records.

    g.   All reasonable and necessary attorneys' fees incurred herein, together with costs and expenses.

    h.   All other relief to which the Trustee is entitled and is just and proper.

Dated:  June 17, 2020

    Respectfully submitted,

    DIAMOND MCCARTHY LLP

    */s/  Charles M. Rubio*
    Charles M. Rubio
    TBA No. 24083768
    crubio@diamondmccarthy.com
    Jordan Stevens
    TBA No. 24106467
    jordan.stevens@diamondmccarthy.com
    Two Houston Center
    909 Fannin, 37th Floor
    Houston, Texas 77010
    (713) 333-5100 Telephone
    (713) 333-5199 Facsimile

    *Counsel to Chapter 7 Trustee*
    *Rodney D. Tow*