UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § § | | |
| DAVID GORDON WALLACE, JR., § Debtor. § § | CASE NO. 15 - 31594 | |
| § | (CHAPTER 7) | |
| RODNEY D. TOW, CHAPTER 7 § TRUSTEE FOR THE ESTATE OF § DAVID GORDON WALLACE, JR., § Plaintiff, § § | Adversary No. 20-03190 | |
| v. § § | | |
| SUGAR LAND ENTERTAINMENT § ENTERPRISES, LP; SUGAR LAND § SPORTS MANAGEMENT, LLC; § RINK OPERATIONS MANAGEMENT, § LLC; AND SUGAR LAND RINK § LENDERS, LLC, § Defendants. § | | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN
UNDER RULE 26(F) OF FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number phone and fax numbers, and email addresses.**

   A rule 26(f) conference was held telephonically on July, 22, 2020 at 2:00 p.m. Central Time. Present on the call were Charles Rubio and Jordan Stevens, on behalf of Plaintiff, and Frank Carroll, on behalf of Defendants.

   Charles M. Rubio
   TBA No. 24083768
   crubio@diamondmccarthy.com
   Jordan T. Stevens
   TBA No. 24106467
   jordan.stevens@diamondmccarthy.com
   Two Houston Center
   909 Fannin, 37th Floor
   Houston, Texas 77010
   (713) 333-5100 Telephone

(713) 333-5199 Facsimile
*Counsel to Plaintiff Rodney D. Tow in his capacity as the Chapter 7 Trustee for the Chapter 7 Estate of David Gordon Wallace, Jr.*

Frank Carroll
24082785
fcarroll@rmwbh.com
ROBERTS MARKEL WEINBERG BUTLER HAILEY PC
2800 Post Oak Blvd., Suite 5700
Houston, Texas 77056
Telephone:     (713) 840-1666
*Counsel to Defendants Sugar Land Entertainment Enterprises, LP, Sugar Land Sports Management, LLC, Rink Operations Management, LLC, and Sugar Land Rink Lenders, LLC*

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   No related cases are pending.

3. **Briefly describe what this case is about.**

This is an adversary proceeding brought under Bankruptcy Rule 7001 relating to the Chapter 7 case: *In re David Gordon Wallace, Jr.*, Case No. 15-31594 (Bankr. S.D. Tex., Houston Div.).

Plaintiff is the successor-in-interest to David G. Wallace, Jr.'s ownership interest in Sugar Land Entertainment Enterprises, LP, Sugar Land Sports Management, LLC, Rink Operations Management, LLC, and Sugar Land Rink Lenders, LLC (collectively, "Defendants"). Plaintiff seeks access to certain books, records, and other information about Defendants. Further, Plaintiff seeks an accounting of any monies due and payable to him in accordance with his ownership interest in Defendants.

4. **Specify the allegation of federal jurisdiction.**

This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1334(b) because this adversary proceeding arises in, arises under, or relates to the Debtor's Chapter 7 case. This proceeding is "core." 28 U.S.C. § 157(b)(2)(A), (E). Under Federal Rule of Bankruptcy Procedure 7008, Plaintiff / Trustee consents to entry of a final order or judgment by the Bankruptcy Court in this matter. This Court may enter final judgment or propose findings of fact and conclusions of law in this action. 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 131 S. Ct. 2594, 2620 (2011). Venue is proper under 28 U.S.C. § 1409(a).

5. **Name the parties who disagree with Plaintiff's jurisdictional allegations and state their reasons.**

None.

    6. **List anticipated additional parties that should be included, when they can be added, and by whom they are warranted.**

None.

    7. **List anticipated interventions.**

None.

    8. **Describe class-action issues.**

None.

    9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures have not been exchanged. The parties agree to exchange initial disclosures within one month from the Court's entry of a scheduling order or September 1, 2020, whichever is later.

    10. **Describe the proposed agreed discovery plan, including:**

        a. **Responses to all matters raised in Rule 26(f).**

        The below responses address the matters raised in Rule 26(f). The parties are aware of their obligation to preserve discoverable information and no issues of privilege appear at this time. Discovery need not proceed in phases, and the parties intend that discovery be completed within eight months of entry of a scheduling order.

        b. **When and to whom the plaintiff anticipates he may send interrogatories.**

        Plaintiff intends to send at least one set of interrogatories to the Defendants. Plaintiff anticipates sending those interrogatories within two months from the Court's entry of a scheduling order.

        c. **When and to whom the defendants anticipate they may send interrogatories.**

        Defendants intend to send at least one set of interrogatories to Plaintiff within two months from the Court's entry of a scheduling order.

        d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

      Plaintiff intends to take at least one deposition at this time within six months from the Court's entry of a scheduling order of a corporate representative with knowledge of topics related to Defendants' books and records as well as Defendants' net revenue and distributions.

  e. **Of whom and by when the defendants anticipate taking oral depositions.**

      Defendants intend to take at least one deposition within six months of the Court's entry of a scheduling order of David Wallace.

  f.

    i. **Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

      Plaintiff does not intend to designate an expert, but reserves his right to do so in response to any expert the Defendants designate.

    ii. **Specify the date experts for defendants will be designated and their reports provided to opposing party.**

      Defendants do not intend to designate an expert, but reserve their right to do so if Plaintiff designates an expert.

  g. **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

      Plaintiff does not expect to take any expert depositions, but reserves his right to do in response to Defendants' expert disclosures.

  h. **List expert depositions the defendants (or opposing party) anticipate taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B)(expert report)**

      Defendants do not intend to designate an expert, but reserve their right to do so if Plaintiff designates an expert.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    There are no disputes regarding discovery at this time.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    The parties have engaged in some informal discovery. Specifically, the Defendant has provided the Plaintiff tax returns for certain of the Defendant entities for the tax years 2015, 2016 and 2019.

13. **State the date the planned discovery can reasonably be completed.**

    Plaintiff and Defendants expect that discovery can be completed within eight months of the entry of a scheduling order.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    Plaintiff and Defendants are open to, have discussed, and will continue to discuss the possibility of settlement.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Since June 16, 2015, counsel for Plaintiff has sent multiple letters to counsel for Defendants requesting access to information, and over the years, the parties' counsel have spoken several times on the phone about resolving this matter. After these efforts proved unsuccessful, on February 21, 2020, Plaintiff sent a final written demand to the Skating Rink Entities, along with a preliminary draft of his Complaint. But after being granted several extensions in light of COVID 19, the Skating Rink Entities' final agreed deadline to respond came and went on May 19, 2020. Finally, on June 17, 2020, Plaintiff initiated this adversary proceeding.

    In the time since this suit was filed, counsel for Plaintiff and counsel for Defendants have spoken on the phone twice to discuss a resolution of this matter. On July 14 and July 17, 2020, Defendants provided Plaintiff with certain of the requested documents, and Defendants' counsel has communicated his commitment to addressing the items that remain outstanding.

    The conversation is ongoing, and both parties remain open to the possibility of settlement.

16. **From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable.**

    The parties believe that to the extent an out-of-court resolution might be reached, the parties can and will do so without utilizing any ADR procedures.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Plaintiff and Defendants consent to the entry of a final order by the bankruptcy judge.

18. **State whether a jury demand has been made and if it was made on time.**

    No jury demand has been made by Plaintiff or Defendants.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff and Defendants expect no more than a single 8-hour trial day will be necessary.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

21. **List other pending motions.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed by the Order for Conference and Disclosure of Interested Persons, listing the date of the filing for the original and any amendments.**

    Not applicable as the parties are unaware of a direction to do so under an Order for Conference and Disclosure of Interested Persons.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

    Charles M. Rubio
    TBA No. 24083768
    crubio@diamondmccarthy.com
    Jordan T. Stevens
    TBA No. 24106467
    jordan.stevens@diamondmccarthy.com

Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile
*Counsel to Plaintiff Rodney D. Tow in his capacity as the Chapter 7 Trustee for the Chapter 7 Estate of David Gordon Wallace, Jr.*

Frank Carroll
24082785
fcarroll@rmwbh.com
ROBERTS MARKEL WEINBERG BUTLER HAILEY PC
2800 Post Oak Blvd., Suite 5700
Houston, Texas 77056
Telephone:     (713) 840-1666
*Counsel to Defendants Sugar Land Entertainment Enterprises, LP, Sugar Land Sports Management, LLC, Rink Operations Management, LLC, and Sugar Land Rink Lenders, LLC*